GRAEPER et ux. v. UNITED STATES.
No. 10772.

District Court, D. Oregon.
Feb. 25, 1930.

Alfred P. Dobson and Robert T. Jacob, both of Portland, Or., for plaintiffs.

J. W. McCulloch, Asst. U. S. Atty., of Portland, Or.

BEAN, District Judge.

This is an action brought to recover income and excess profit tax alleged to have been unlawfully and illegally assessed. It appears from the record that for five or six years prior to July, 1920, the plaintiffs were the owners and operators of a moving picture theater at 509 Union avenue, and were occupying the premises under a lease from month to month at a rental of $165 a month. On the 10th of June, 1920, Von Herberg and his associates, without the knowledge of plaintiffs, obtained a lease of these premises for the term of five years, at the same rental for the first two years as plaintiff had theretofore been paying, and two hundred dollars a month for the remaining portion of the term. The plaintiffs thus found themselves in possession of a building equipped, furnished, and prepared for the moving theater business, without any lease or right to occupy the premises. They thereafter, in connection with Von Herberg and associates, organized a corporation with a capital stock of $20,000, divided into two hundred shares. The plaintiffs subscribed for 74 shares, Von Herberg and associates for 76, and one Ohle for one share. Meeting of the stockholders was held, board of directors elected, and the plaintiff elected president, Ohle, vice president, and Von Herberg secretary-treas-urer. The plaintiff thereupon offered to assign and transfer to the corporation his interest in the fixtures and furniture of the theater, and to have assigned to it the Von Herberg lease in full payment for the stock theretofore subscribed for by himself and Von Herberg and associates. This offer was accepted by the board of directors. There was no statement in the offer, and no finding by the board of directors as to the value of the lease or other property offered and transferred in payment of the stock. An entry, however, was made in the books of the corporation, to the effect that the value of the lease was $11,700.

The theater business was thereafter conducted under the plaintiff's management as theretofore, under the name of the corporation, until May 22, 1924, when the corporation was dissolved by vote of its board of directors, and the property, including the lease, was transferred to the plaintiffs, they having previously paid Von Herberg some six thousand dollars for their stock in the corporation.

The corporation filed income and excess profit tax statements for the years 1921, 1922, and 1923, in each of which it deducted and claimed a deduction for amortization or exhaustion of the lease on the full $11,700 value. These deductions were disallowed by the Commissioner of Internal Revenue, and an additional tax of $1,300 was assessed against the plaintiffs as transferees of the stock and property of the corporation, and this tax was paid.

The plaintiffs subsequently and within the time provided by law filed a claim for refund which was denied, and this action was brought to recover this alleged excess tax.

Now the only question in the case is the value, if any, of the lease at the time it was assigned and transferred to the corporation over and above the right to occupy the premises and pay the stipulated rent. The plaintiff claims the lease was worth $11,700 at that time, or at least worth what he subsequently paid Von Herberg for his stock in the concern, but, as I understand this record, the issuance of the stock in the corporation to Von Herberg in consideration of the transfer of the lease to it, and the obligation to pay, and plaintiffs' subsequent payment therefor, was not attributable to the value of the lease, but because Von Herberg and associates had procured a lease of the premises, and the plaintiffs found themselves in a position where they had to negotiate with

them, regardless of the value of the property. Von Herberg and his associates had, without knowledge of the plaintiffs, and perhaps surreptitiously, obtained a lease of the premises occupied by the plaintiff. The plaintiffs were therefore at their mercy. He was compelled either to accede to their demand, or go out of business. He chose the former by consenting to the organization of the corporation and assigned to them the 76 shares of stock, but this was not because of the value of the lease but perhaps, as put by plaintiffs' counsel, because Von Herberg and associates "had bludgeoned him," or as otherwise stated, "had substantially stolen the property from him," but this affords no reason why he should pass his loss on to the government, and therefore judgment and findings may be entered in favor of the defendant.